IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  06-3262 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner James Alexander's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition).  The Government filed a Response to Petition for Relief Pursuant to Section 2255 (d/e 5).  For the reasons stated below, Alexander's Petition is denied.

## FACTS

On August 4, 2005, the Government charged James Alexander in Central District of Illinois Case No. 05-30064 with one count of distributing a mixture and substance containing cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C).  On

1

September 22, 2005, Alexander entered into a plea agreement by which he agreed to plead guilty to the lone count, waive appellate and collateral attack rights, and cooperate with the Government. See Central District Illinois Case No. 05-30064, Plea Agreement (d/e 8). In exchange, the Government agreed to recommend a three-point acceptance of responsibility decrease and a downward departure if warranted by Alexander's cooperation. Id.

Two months later, on November 22, 2005, Alexander officially entered his guilty plea at a change of plea hearing. The Court conducted a lengthy hearing at which Alexander stated that he understood the terms of the agreement, that the agreement contained all aspects of his understanding with the Government, and that no other agreements or promises between them existed. Government's Response to Court Order (d/e 8), Exhibit 1, November 22, 2005 Transcript, at 20. Alexander specifically stated that he understood his rights to appeal and pursue collateral attack, but that he believed it was in his best interest to forgo those rights in exchange for the benefits the Government offered him in his plea agreement. Id. at 25-26.

The Government stated that if Alexander went to trial, it could

establish, through audio and video recordings, that on May 9, 2005, he sold 1.4 grams of crack cocaine for $100 to an individual working as a confidential informant for the Government. Id. at 31. Alexander said he agreed with the facts presented and was pleading guilty because he was in fact guilty. Id. at 32. Alexander assured the Court that he was pleading guilty of his own free will. Id. The Court found that Alexander's plea was knowing and voluntary. Id.

On April 27, 2006, the Court sentenced Alexander to a prison term of 188 months. See Central District Illinois Case No. 05-30064, Judgment (d/e 14). At the hearing, Alexander informed the Court that he had reviewed the Pre-Sentence Report (PSR), and he withdrew all objections to the PSR. See Central District Illinois Case No. 05-30064, April 27, 2006 Minute Entry. As the PSR noted, Alexander could be considered a Career Offender. See Central District Illinois Case No. 05-30064, PSR (d/e 16). His status as a Career Offender contributed to a final offense level of 31 and a Criminal History Category of VI, which under the Sentencing Guidelines resulted in an imprisonment range of 188-235 months. The Court sentenced Alexander to the low end. Judgment issued May 1, 2006. See Central District Illinois Case No. 05-30064, Judgment. Alexander did not

appeal.[1]

On November 6, 2006, Alexander filed the instant Petition. He advances three arguments for the Court's consideration. First, he asserts that his conviction was obtained by a guilty plea that was unlawfully induced or made involuntarily without an understanding of the nature of the charge against him and the consequences of the law. In support, he states, "I did not understand or know what I was pleaing [sic] to. I thought that I was going to get 36-48 months for what I pleaed [sic] to." Petition, at 5. Second, he argues that his conviction was obtained by use of a coerced confession. In support, he alleges, "My lawyer told me if I did not plea out I was going to get a life sentence if I go to trial." Id. Third, he asserts that he was denied effective assistance of counsel and explains, "My lawyer told me that I could not object to the charge and I could not appeal because I

---

[1]On October 22, 2007, in the instant § 2255 case, the Clerk's Office docketed a letter Alexander sent requesting his case number and stating: "I filed my appeal 5-7-2007, the U.S.C.A.-7th Circuit Received it 6-16-2007, Gino J. Agnello <Clerk> returned my paper work back to me unfiled." See October 22, 2007 Letter (d/e 7). It is unclear what case or appeal Alexander meant. Alexander never filed a Notice of Appeal with this Court in either the instant case or the criminal case on which his current Motion is based. Even if his letter referred to his criminal case, however, Federal Rule of Appellate Procedure 4(b)(1)(A) requires that "defendant's notice of appeal be filed in the district court within 10 days after . . . the entry of . . .the judgment . . . being appealed." Alexander clearly missed that deadline; even if he did file a Notice of Appeal May 7, 2007, it was too late.

plea out." Id.

## ANALYSIS

Alexander raises numerous claims of error here. In all but one instance, however, he either waived or failed to preserve his right to raise them now. His only viable issue -- one of ineffective assistance of counsel in his plea negotiation -- fails as well, though, because he has not provided any evidence to support his allegation.

I.  WAIVER

First, the Court finds that Alexander waived one of his arguments. Alexander's plea agreement states that he "knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence . . . . including, but not limited to, a motion brought under Title 28, United States Code, Section 2255." Central District Illinois Case No. 05-30064, Plea Agreement, at ¶ 11. The validity of such a waiver rests on whether it was "express and unambiguous" and whether the record clearly demonstrates that it was made "knowingly and voluntarily." Jones v. United States, 167 F.3d 1142, 1144 (7th Cir. 1999). Here, the language of the waiver is clear and undoubtedly covers Alexander's right to bring a § 2255 motion.

If his waiver was knowing and voluntary, it is enforceable. Id. at

1145; United States v. Sines, 303 F.3d 793, 798 (7th Cir. 2002). But, a waiver does not deprive a defendant of the ability to pursue a claim "that relates directly to the negotiation of the waiver, such as a claim that the waiver was involuntarily made, was based on an impermissible factor such as race, exceeds the statutory maximum, or was made without effective assistance of counsel." Sines, 303 F.3d at 798. Thus, Alexander's waiver precludes all claims unrelated to the negotiation of his plea agreement; claims that his plea agreement was involuntary or unintelligent or that it was made without effective assistance of counsel were not waived.

Alexander waived his right to collaterally attack his conviction based on his third argument, in which he asserts that his lawyer provided ineffective assistance of counsel by stating that he could not object to the charge or appeal because he had pleaded. This argument fails to make any claim regarding counsel's representation during the negotiation of the plea agreement. Alexander appears to argue only that after the plea was entered, his attorney advised him that he could not "object to the charge" or appeal. Because Alexander's complaint of ineffective assistance does not relate to the negotiation of his plea agreement, he waived his right to raise it on collateral attack.

Alexander's plea waiver does not preclude review of his other two arguments, however. His first argument -- that he pleaded guilty only because he thought he would get 36-48 months -- clearly alleges that his plea agreement was made without a full understanding of the law and its consequences.

Alexander's second argument is less clear, but the Court finds that it raises two issues regarding the negotiation of his plea agreement. Alexander describes this argument as a claim that his conviction was obtained by use of a coerced confession, but his supporting facts have nothing to do with a confession to law enforcement agents.[2] Instead, he states that his lawyer told him that if he did not plead, he would receive a life sentence. Because Alexander is proceeding *pro se*, the Court construes his Petition liberally. See Wilson v. Phend, 417 F.2d 1197, 1199 (7th Cir. 1969). The Court construes this argument as asserting: (1) that Alexander's plea was not voluntary and knowing because it was based on a misunderstanding of the consequences of the law, and (2) that his attorney's advice regarding the consequences of turning down a plea offer constituted ineffective assistance.

---

[2]Indeed, as Alexander's PSR noted, the Government could prove him guilty based on an audio and video recording of a drug transaction. Central District Illinois Case No. 05-30064, PSR, at 4. The record contains no mention of a confession.

7

His plea waiver does not preclude review of these issues.

II.     DEFAULT

Based on the above waiver analysis, Alexander is left with two contentions that his plea was involuntary and one that he received ineffective assistance of counsel. His involuntary plea claims are procedurally defaulted, but his ineffective assistance of counsel claim survives.

A voluntary and intelligent guilty plea may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984). "And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). Alexander never filed an appeal. Thus, his claims of an involuntary and unintelligent plea are procedurally defaulted.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Id. (internal quotation marks and citations

omitted). Alexander offers no explanation for his failure to appeal these grounds, which as noted above, could not be waived. Moreover, the Court can discern from his arguments no obvious cause. Similarly, he advances no arguments regarding prejudice. Alexander has not demonstrated cause and prejudice.

To establish actual innocence, Alexander must show that in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298, 327-28 (1995). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. Alexander has made no argument regarding his guilt or innocence of the charge to which he pled. Moreover, in light of the Government's offer of proof at his change of plea hearing and his statement to the Court that he is in fact guilty of the crime, the Court sees no basis for concluding that he is actually innocent. Thus, Alexander cannot satisfy the requirements for raising these procedurally defaulted claims in habeas.

His last remaining claim, for ineffective assistance of counsel, is still viable, however. Ordinary procedural default rules do not apply to ineffective assistance of counsel claims. "[A]n ineffective-assistance-of-

counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 505 (2003). The Court will consider the merits of his argument.

III.   MERITS

To prove ineffective assistance of counsel, Alexander must show that his attorney's representation was objectively deficient, and that the deficient representation caused him prejudice. Strickland v. Washington, 466 U.S. 668, 688 (1984). To establish deficient representation, he must prove that his attorney committed errors so serious that his performance could not be considered reasonable under prevailing professional norms. Id. at 687-88. "However, this analysis takes place in the context of the presumption that an attorney's conduct is reasonably proficient." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002). To prove prejudice on this issue, Alexander must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Specifically, Alexander must prove that his attorney advised him that if he went to trial, he would get a life sentence, that this advice was objectively erroneous and

unreasonable, and that without this advice, he would have proceeded to trial.

Alexander has not met his burden.  In fact, he presents absolutely no evidence of his claim.  "And lest it sound like a formidable task (to prove his lawyer's nonfeasance), we note that the sort of evidence usually employed in such cases begins with sworn affidavits attesting to the petitioner's allegations." Galbraith, 313 F.3d at 1009.  Alexander presents no affidavit (even his own) supporting his version of his attorney's conduct.[3]  Without such evidence, this Court cannot grant even an evidentiary hearing.  See Barry v. United States, 528 F.2d 1094, 1101 (7th Cir. 1976) ("[I]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions.").  Nor does Alexander present any other "available, probative evidence" that would support his claim.  Galbraith, 313 F.3d at 1009.  Alexander's claim fails for lack of evidence, and his Petition must be denied.

---

[3]His Petition, while signed under penalty of perjury, sets forth only bare allegations.

THEREFORE, Alexander's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   December 7, 2007

       FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE